IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera, *a/k/a* Kenneth D Rivera, *a/k/a* Kenneth Rivera,<br><br>       Plaintiff,<br><br>v.<br><br>Henry McMaster, *Governor*, Bryan Stirling, *Director*, Kathy Hill, *H.I.R. Director*, Michael Stephon, *Warden*,<br><br>       Defendants. | C/A No. 8:20-cv-1768-SAL<br><br>**OPINION & ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report"). [ECF No. 13.]

**PROCEDURAL BACKGROUND**

On May 4, 2020, Plaintiff Kenneth Syncere Rivera ("Plaintiff"), a *pro se* state prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 against Governor Henry McMaster and various South Carolina Department of Corrections ("SCDC") officials (collectively "Defendants"). [ECF No. 1.] Plaintiff alleged that Defendants violated his Eighth and Fourteenth Amendment rights against cruel and unusual punishment by not adequately protecting SCDC inmates from the COVID-19 pandemic, and he sought injunctive and monetary relief. *Id.* at 4–6. That same day, Plaintiff filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. [ECF No. 2.]

The Magistrate Judge issued an order on May 15, 2020, notifying Plaintiff that his complaint was subject to summary dismissal because he had made "no direct allegations that Defendants are personally involved in the claims asserted," and Plaintiff was given twenty-one days to cure his

1

deficient pleadings.  [ECF No. 8 at 5.]  The Magistrate Judge's order also informed Plaintiff that he was subject to the "three strikes" rule of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-66 (1996) ("PLRA"), and that his amended complaint would be "reviewed to determine whether [his] allegations satisfy the 'imminent danger of serious physical injury' standard of the PLRA."  *Id.* at 1 n.1.

Plaintiff filed an amended complaint on June 4, 2020, in which he specifically argues that, because of Defendants' purported mishandling of the pandemic, his life is in danger.  *See* [ECF No. 10 ¶ 25.]  In the June 16, 2020 Report that is the subject of this Order, the Magistrate Judge determined that Plaintiff's concerns about the possibility of contracting COVID-19 were insufficiently specific and particularized to satisfy the imminent physical harm exception to the PLRA's three strikes provision.  [ECF No. 13 at 7 (citing *Johnson v. Wilcher*, No. 4:20-cv-089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020)).]

As a result, the Magistrate Judge recommended that Plaintiff's motion to proceed in forma pauperis be denied but that Plaintiff be given twenty-one days from the issuance of this Order to pay the filing fee.  *Id.* at 9.  If Plaintiff pays the filing fee during that period, the Report recommends that the action be referred back to the Magistrate Judge for further review.  *Id.*  However, if Plaintiff fails to pay the filing fee, the Report recommends that the action be dismissed without prejudice because of the three strikes rule in 28 U.S.C. § 1915(g).  *Id.*  Plaintiff filed objections to the Report on June 26, 2020.  [ECF Nos. 15; 15-1.]  The matter is now ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a

de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

In his objections, Plaintiff maintains that he is exempt from paying the filing fee because Defendants' handling of COVID-19 places him in imminent danger. [ECF Nos. 15 at 1; 15-1.] He specifically objects to the portion of the Report where the Magistrate Judge took judicial notice of publicly available SCDC data indicating that there were no positive tests of COVID-19 at Plaintiff's correctional institution as of June 14, 2020. *See* [ECF No. 13 at 8 n.2.] Plaintiff asserts that it is not true that "as of June 14, 2020 Broad River Correctional Institution [had] no cases" because "[u]pon information and belief Defendants are not reporting [that] over 11 inmates are

hospitalized, one dorm Monticello was quarantine[d]." [ECF No. 15-1 at 2.] The remainder of Plaintiff's objections are mere reassertions of arguments from his amended complaint and are not sufficient to constitute specific objections. *See Sims*, 2019 WL 1365298, at *2; *accord* ECF Nos. 10; 15-1. Accordingly, the court will review the portion of the Report related to the number of COVID-19 cases *de novo* but need only review the other portions of the Report for clear error. *See* 28 U.S.C. § 636(b)(1); *Field*, 663 F. Supp. 2d at 451–52.

The court finds no clear error in the portions of the Report subject to that level of review. The question, therefore, is whether the Report's conclusion that Plaintiff failed to sufficiently allege a risk of imminent harm would be altered if the Magistrate Judge erred in finding that no inmates had tested positive for COVID-19 at Broad River Correctional Institute as of June 14, 2020.[1] The court finds that it would not. An inmate's potential exposure to the COVID-19 virus is insufficient to constitute "a specific and particularized risk of imminent physical harm." *Johnson*, 2020 WL 2064935, at *2; *see also Foster v. Powell*, No. 7:20-3252, 2021 WL 822297, at *3 (D.S.C. Jan. 11, 2021), *report and recommendation adopted*, 2021 WL 346534 (D.S.C. Feb. 2, 2021) ("[U]nfortunately, '[e]very person in the United States, whether in a detention facility or not, faces COVID-19 exposure.'" (quoting *Toure v. Hott*, 458 F.Supp.3d 387, 408 (E.D. Va. 2020))). Consequently, even if there were positive cases of COVID-19 at Broad River Correctional Institute at the time of Plaintiff's amended complaint, as Plaintiff claims, he still would not qualify for the imminent physical harm exception. Thus, the court need not decide whether there is error in this portion of the Report. *See Field*, 663 F. Supp. 2d at 452 (declining to conduct *de novo* review of

---

[1] The Magistrate Judge did not err in taking judicial notice of publicly available SCDC data. *See* Fed. R. Evid. 201(b)(2). However, the SCDC data has since been updated. *See* SCDC, *COVID-19 Statistics*, https://www.doc.sc.gov/covid.html (last updated April 13, 2022, 9:57 AM). Thus, this court cannot now take judicial notice of how many cases there were when Plaintiff filed his amended complaint.

4

plaintiffs' objections that were "unrelated to the dispositive portions of the magistrate judge's Report and Recommendation").

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 13, in its entirety and incorporates it by reference herein. As a result, Plaintiff's motion to proceed in forma pauperis is **DENIED**. Plaintiff is granted twenty-one days from the date of this Order to pay the filing fee of $400, and the Clerk of Court is to withhold entry of judgment until such time for payment expires. If Plaintiff timely pays the filing fee, the Clerk is directed to refer this matter back to the Magistrate Judge for further review. If Plaintiff fails to timely pay the filing fee, the Clerk is directed to dismiss the matter without prejudice pursuant to 28 U.S.C. § 1915(g) at the close of the 21-day period.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

April 13, 2022
Florence, South Carolina